FILED
7/29/20 2:33 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 16-22841-GLT |
| | : | Chapter: | 13 |
| Bonnie M. Cornish | : | | |
| | : | | |
| | : | Date: | 7/29/2020 |
| *Debtor(s).* | : | Time: | 09:00 |

## PROCEEDING MEMO

*MATTER:*    #128 - Status Conference on Motion to Extend the Loss Mitigation Period
             #129 - Response filed by US Bank NA not in its individual capacity
                but solely as Trustee for the NRZ PASS-THROUGH TRUST II(B)

*APPEARANCES:*

    Debtor:    Christopher Frye
    Trustee:   Owen Katz
    USBank:    Thomas Song

*NOTES:* (9:14)

Frye: My review indicates that LMP has been going on for quite some time. There's been an issue with getting documents from our client. She gets the documents when push comes to shove. At this point, we'd request allowing one final document request and a brief time period of two weeks. The whole case relies on loss mitigation.

Court: What's her employment status? It indicated she was on unemployment, has her employment status changed?

Frye: Not that I know of.

Song: At this point, my client is pretty fed up. We've been in LMP for four years, and this is the debtor's second go round. They were alleging an increase in income but there was no documentation to substantiate it. Also, now that the debtor is unemployed, she's not even eligible for LMP. I understand that the debtor is asking for what would be a short period, two weeks, but it's also been four years.

Court: The income level is definitely an issue. What other documentation do you need?

Song: Updated payment stubs, and they need to substantiate the increase in income.

Court: From the child support and food stamps?

Song: Yes, they're also claiming there's a gross $1,000 in wages.

Frye: Again, to the best of my knowledge the debtor is still unemployed.

Court: Do you have a response to whether she's ineligible because of her income?

Frye: I would ask if we could give it a couple weeks to see what happens.

Court: Where are the payments in this case as of the beginning of the year?

Katz: $571 plan payment, and the arrears are $1,133 through July, so about two months.

Court: What was the plan status as of the beginning of the year?

Katz: I'm sorry, I'm having issues getting into my system

Court: The court shares the frustration of LMP that goes no where.  This set of circumstances is different than what we've encountered before though, and COVID does add a gloss I need to take into consideration.  She's only two months behind in payments.  I am concerned though, there's nothing covering the escrow portion.  But as Attny Frye mentioned, this case doesn't go forward without LMP.  Given this is her primary residence and she has been impacted by COVID, I will give her one last opportunity.  And an additional two weeks won't hurt in the context of four years. A drop-dead provision would be appropriate.  Within the next week, the lender must provide a list on the portal and on the docket of the documents necessary to submit this to the underwriters and then the debtor will have 14 days to provide that information; then within a week the lender will file a status report whether those documents are satisfactory.  If they are not, the LMP period will terminate without further hearing.

Song: With the list of items - is it fair to request proof of employment? If we ask for a proof employment and she's unable to produce it is that enough to file a status report of ineligibility?

Court: Yes, I anticipate if she's employed in that next 3 weeks, you'd be entitled to proof of employment.  Then as an anticipatory matter she'd be expected to produce it.  To the extent she is not employed, I don't want a blanket statement she's unqualified on that basis alone.  I want a specific reference to the program requirement indicating why that disqualifies her from further modification relief.

*OUTCOME:*

1.  Status Conference on Motion to Extend the Loss Mitigation Period [Dkt. No. 128] is CONCLUDED. [Text Order to Issue]

2.  On or before August 5, 2020, U.S. Bank shall file on the docket and post on the LMP portal a list of all documents necessary to complete the Debtor's LMP package and cause it to be submitted to the underwriters. Within fourteen (14) days of the filing of the document list, the Debtor shall upload all documents reasonably requested by U.S. Bank to the LMP portal.  On or before August 26, 2020, U.S. Bank shall file a status report (a) asserting whether the documents submitted by the Debtor are satisfactory; and (b) if the documents are not satisfactory, identifying any alleged deficiencies. [Chambers to Issue]

3.  The Seventh Motion to Extend the Loss Mitigation Period [Dkt. No. 128] is GRANTED and the period EXTENDED through August 31, 2020, contingent on any further extension necessitated by successful LMP Progress [Chambers to Issue]

**DATED:**  7/29/2020