FILED
9/11/20 11:43 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | Case No. 16-22841-GLT |
| : | |
| **BONNIE M. CORNISH**, : | Chapter 13 |
| : | |
| *Debtor.* : | Related to Dkt. No. 141 |

## ORDER

The Court conducted a status conference on September 9, 2020 to assess the Debtor's loss mitigation efforts and the parties' compliance with the Court's July 31, 2020 Order. [Dkt. No. 136]. The Order established a procedure by which the Debtor's lender, U.S. Bank National Association ("U.S. Bank"), would identify the remaining documents needed to evaluate the Debtor's loss mitigation application, and imposed a deadline for her to submit those documents on the portal. The parties now dispute whether the Debtor complied with the Order.[1]

The Debtor has been in the Court's loss mitigation program for the better part of four years. Although the program was created to foster relatively quick assessments of a debtor's eligibility for loan modification, this case has taken substantially more time than others, and yet it does not appear to be reaching a conclusion. While the Court would be justified in terminating the loss mitigation program at this stage, thereby requiring the Debtor to pursue alternative methods of loan modification, it will provide the Debtor with one final opportunity to comply with the Court's directives. The Court reaches this conclusion because: (a) the Debtor utilizes the subject property as a personal residence for herself and her six dependents; (b) she has been consistently making payments to the chapter 13 trustee (albeit in reduced amounts during the loss mitigation

---

[1] Although there is no dispute that the Debtor did not have proof of employment income by August 19, 2020, the Court is willing to excuse this particular deficiency because the Debtor obtained employment on August 31, representing a material change in her financial condition, and she resumed work within a matter of days of the Court's imposed deadline, the timing of which was reasonably beyond her control.

process); (c) the Debtor's chapter 13 plan is not feasible without some form of loan modification; (d) even though her document submissions have not always been timely, she has done enough to show that she is engaged in the process and remains capable of producing the required information; and (e) the lender is not entirely blameless in this process as the required documentation has not been clearly identified in all situations and it has recently rejected the submission of documents which were seemingly in compliance with its demands.[2]  For these reasons, the Court adopted a "hands-on" approach to this loss mitigation case in hopes it will provide the structure needed to complete the process.  Nevertheless, the Court must warn the Debtor that its patience has worn thin and its willingness to continue loss mitigation in this case has reached its limit.  The Court therefore demands full compliance with the procedures established in this *Order*.

Based on the foregoing and for the reasons stated on the record, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Until the Debtor can produce two months of pay stubs from her current employment (estimated to be in early November 2020), the Debtor must:  (a) timely provide all remaining documentation that U.S. Bank may reasonably request to evaluate her loss mitigation application; (b) ensure that all applicable documents are seasonably updated to prevent them from going stale; and (c) provide bi-weekly status reports to the Court in the form and manner described in paragraph 2.

2. Beginning on **September 18, 2020**, and continuing every two weeks thereafter (until further Court Order), the Debtor shall file a loss mitigation status report which contains the following information:  (a) an updated portal history from July 31, 2020 through the

---

[2] To satisfy U.S. Bank's request for "proof of occupancy," for example, the Debtor submitted a copy of her water bill, but this was deemed insufficient on its face.  Instead, U.S. Bank suggested that a cell phone bill or credit card bill would suffice.  By the Court's estimation, a water bill is an inherently more reliable proof of occupancy than the items U.S. Bank prefers.

date of the status report; (b) an updated "Loss Mitigation Dashboard" (substantially in the form attached hereto as Attachment A) detailing her progress in submitting the documents reasonably required by U.S. Bank for consideration of her application; and (c) any other information that is relevant or necessary for the Court to understand the current status of her loss mitigation efforts.

3. To the extent U.S. Bank disputes any items or representations in the status report, U.S. Bank may submit a response provided that it is filed within a week of the Debtor's status report. Any response shall include a copy of the Loss Mitigation Dashboard with notations to the areas in dispute.

4. To begin, the Court expects the schedule to unfold as follows:

| | |
|---|---|
| September 18, 2020 | Debtor's first status report due |
| September 25, 2020 | U.S. Bank's response due (if any) |
| October 2, 2020 | Debtor's second status report due |
| October 9, 2020 | U.S. Bank's response due (if any) |

The Court may modify this process as necessary.

5. Pending further Court Order, the loss mitigation program is extended through November 13, 2020. If the Debtor does not timely comply with this *Order*, the Court may terminate the Debtor's participation in the loss mitigation program without further notice or hearing.

Dated: September 11, 2020

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor
Attorney for Debtor
Thomas Song, Esq.

**Attachment A**

**LOSS MITIGATION DASHBOARD**[3]

**BONNIE CORNISH – CASE NO. 16-22841**

| Requested Document | Debtor's Position | Lender's Position | Document Stale Date | Comments |
|---|---|---|---|---|
| Proof of Income (two months) | Pending | Unsatisfied | | |
| Bank Statements (two months) | Submitted 8/12/2020 | Satisfied | 10/12/2020 | Circle child support |
| Food Stamp Award Letter | Submitted 8/12/2020 | | N/A | |
| Hardship Letter | Submitted 8/21/2020 | | | |
| Form 4506t | Submitted 8/21/2020 | | | Leave line 2b blank |
| Confirmed Successor Report | Pending | Unsatisfied | | |
| Proof of Occupancy | Pending | Unsatisfied | N/A | |
| Child Support Update | Submitted 8/12/2020 | | | |
| | | | | |
| | | | | |

---

[3] A table substantially in this form must be submitted with the status reports and responses. The Court populated the table merely as an example and nothing herein shall constitute a determination by the Court as to the actual status of the LMP documents in this case.

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Bonnie M. Cornish  
    Debtor

Case No. 16-22841-GLT  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0315-2    User: bsil    Page 1 of 1    Date Rcvd: Sep 11, 2020  
                   Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2020.  
db        +Bonnie M. Cornish,    P.O. Box 7,    Laughlintown, PA 15655-0007

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2020                                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 11, 2020 at the address(es) listed below:

        Abagale E. Steidl    on behalf of Debtor Bonnie M. Cornish asteidl@steidl-steinberg.com,
         julie.steidl@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;abby.steidl@me.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@steidl-steinberg.com  
        James Warmbrodt    on behalf of Creditor    U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ PASS-THROUGH TRUST II(B) bkgroup@kmllawgroup.com  
        Jerome B. Blank    on behalf of Creditor    US Bank National Association, As Trustee For etal pawb@fedphe.com  
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com  
        Thomas Song    on behalf of Creditor    U.S. Bank National Association, not in its individual capacity but solely as Trustee for the NRZ PASS-THROUGH TRUST II(B) pawb@fedphe.com  
        Thomas Song    on behalf of Creditor    US Bank National Association, As Trustee For etal pawb@fedphe.com

                                                                                                                                 TOTAL: 7